————o————

PACIFIC RAILROAD COMPANY, Respondent, *vs.* CONSTANTINE MAGUIRE, Appellant.

1. *Railways—Mo. Pacific, ordinance 1865, imposing tax on road—Act Feb. 10, 1864, etc., not a contract limiting taxing power*—The Pacific Railroad Company of Missouri-is not exempt from the tax of ten or fifteen per cent. imposed upon it by the ordinance of April 8th, 1865, (Gen. Stat. 1865, p. 52.) Nor does the act of Feb. 10, 1864, (Ses. Acts 1863-4, p. 50) amount to such a contract, as limits the right of the State to impose the tax. (North Mo. R. R. Co. v. Maguire, 49 Mo., 490, affirmed).*

*Appeal from St. Charles Circuit Court.*

*Rombauer* for Appellant.

*Leighton,* for Respondent.

WAGNER, Judge, delivered the opinion of the Court.

This case was argued in connection with the case of the North Missouri Railroad Company vs. Maguire, and the questions arising in both cases are essentially the same. It is unnecessary to notice the provisions of the charter, or the subsequent acts passed by the legislature in relation to the company, as this case must turn on the construction of the act of February 10, 1864. At that time the State, then holding a first mortgage to secure the amount advanced " on the road of the company and every part and section thereof and its appurtenances " passed an act entitled " an act for the extension and completion of the Pacific railroad to the western boundary of the State, at Kansas City ; and the North Missouri railroad to the Iowa state line ; to complete the Southwest branch of the Pacific railroad ; and to reduce the state indebtedness."

The act authorized the Pacific railroad company to issue

*This case was decided at the March term of 1872, and properly belongs in vol. 50

not more than 1,500 bonds of $1,000 each, bearing interest of not more than seven per cent. per annum, and having four, five and six years to run, in equal proportions. These bonds were to be secured by first mortgage on the main line of the road west of Dresden; and to enable them so to be secured, the state, for this object and to this amount and extent only, relinquished her first lien and mortgage on that part of the road lying west of Dresden, to the amount of bonds actually negotiated, reserving, however, a second lien or mortgage on that part of the road, and retaining its first lien on the residue.

The act provides for the appointment of a fund commissioner, who was to negotiate the bonds, and to whom the company should from day to day pay over all of its gross earnings and daily receipts, and who should pay over the funds so received upon vouchers of the chief engineer or superintendent, certified by the president of the company, for operating the road and carrying on the ordinary business of the corporation.

The act further provided that the fund commissioner should apply the net earnings of the road, first, to the payment of his salary, next, to the extension and equipment of the road until completed, reserving sufficient for the payment of the interest accruing semi-annually on the bonds actually sold, and after the completion of the road, any surplus over the accruing interest, to the purchase of the bonds themselves; second, to the payment of interest, as the same should become due and payable, on the first mortgage bonds, exchanged for state bonds under the provisions of the act; third, to the payment of dividends not exceeding six per cent. per annum, on preferred stock, created under the law, by an exchange of state bonds for stock; fourth the surplus, if any, to the purchase of the residue of the state bonds.

The provisions of the act were to be accepted and, were accepted, and it then became, by its terms, of full force and binding effect upon the corporation and the state.

The plaintiffs now claim that the amount required to be

collected by the ordinance is illegal, because not within the exercise of the taxing power ; and, secondly, that the act of February 10th, 1864, constituted a contract between the company and the state, and that the ordinance violates that contract by seeking to change the order of distribution at the time of the passage of the act above referred to. We have been unable to find any provision in the charter of the company exempting it from taxation, and we do not think that the act amounted to a contract limiting the right of the State to impose a tax.

There is no difference, in principle, between this case and the North Missouri Railroad Company vs. Maguire, just decided, and for the reasons therein given, the judgment must be reversed.

Judge Bliss concurs. Judge Adams was not on the bench when this case was argued.